**UNITED STATES of America**

v.

**Robert M. MEDINA, Appellant.**

**No. 71-1330.**

United States Court of Appeals, Third Circuit.

Submitted under 3rd Cir. Rule 12(6). Jan. 25, 1972.

Decided Feb. 15, 1972.

Ronald F. Kidd, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MARIS and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a conviction of bank robbery under 18 U.S.C. § 2113 in which it is alleged that appellant's Fifth and Sixth Amendment rights were violated by the pre-trial use of photographic identification.

On June 6, 1969, three persons robbed the Frankford Trust Company branch at 6500 Castor Avenue, Philadelphia. On October 30, 1969, appellant was arrested in connection with an unrelated robbery of the First Pennsylvania Banking and Trust Company branch in Cornwells Heights, Pa., and counsel was appointed

on January 6, 1970,[1] for this unrelated offense. On two separate occasions,[2] January 7 and 8, 1970, a group of photographs including two of appellant, were displayed to eye witnesses of the Frankford Trust robbery. On March 25, 1970, over two months after the last photographic showup, appellant was indicted for the Frankford Trust robbery. On April 3, 1970, the same counsel who was appointed to represent appellant in the First Pennsylvania Banking & Trust Company robbery was appointed counsel in the Frankford Trust case.

Appellant's first contention is that on the basis of the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1968), and United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970), the eyewitness identification at his trial should have been suppressed because photographs were shown to witnesses without the benefit of counsel being present. This contention is without merit, since all four of the pretrial photographic displays occurred prior to indictment or arrest for this offense. We also note that while appellant was "in-custody," it was in connection with an unrelated offense.[3]

Appellant's second contention is that the photographic identification procedures were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[4] Both the composition of the photographic displays and the method of their presentation were such as to preclude a finding of impermissible suggestiveness.

The March 8, 1971, judgment and commitment will be affirmed.

---

1. Appellant was represented by Joseph H. Rodriguez, Esq., of the New Jersey bar, from October 30, 1969, until his arraignment on January 6, 1970, when Philadelphia counsel was appointed for him.

2. Any photographic displays on 7/25/69 and before the branch manager on 8/8/69 took place before defendant was in custody or had counsel.

3. Appellant's contention that the FBI knew of his custody and the appointment of counsel, and thus could have staged a corporeal line-up with defendant having had the benefit of counsel's advice, is not supported by an examination of the record. FBI Agent Stoddard, who conducted the photographic displays to potential witnesses, did not testify that he knew of such representation or custody *at the time of such displays*.

4. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).